IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERTA E. SIMMONS, | CASE NO. 5:12-cv-04073 EJD |
| Plaintiff(s), | **ORDER TO SHOW CAUSE** |
| v. | |
| GRADY DALE, JR., et. al., | |
| Defendant(s). | |

On August 2, 2012, Plaintiff Roberta E. Simmons ("Plaintiff") filed a complaint in this court against Defendants Grady Dale, Jr. and Helen L. Dale. See Docket Item No. 1. Having reviewed the complaint, it appears that Plaintiff seeks this court to intervene in a familial dispute involving a third party, Edna O. Harris. However, the complaint is not organized in a manner such that distinct causes of action can be discerned nor does the complaint identify the basis for this court's jurisdiction.

Federal Rule of Civil Procedure 8 requires a federal plaintiff to include in a complaint "a short and plain statement of the grounds for the court's jurisdiction." This is because "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331 (federal question), 1332 (diversity). For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or

1

CASE NO. 5:12-cv-04073 EJD
ORDER TO SHOW CAUSE

whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). For diversity, federal courts have original jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). Whether subject matter jurisdiction exists is a threshold question that must be addressed before reaching the merits of an action. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, (1998).

Because it cannot be determined from the face of the complaint whether federal jurisdiction exists over the instant dispute, the court issues this Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction.   If Plaintiff does not, **by December 21, 2012**, demonstrate in writing the basis for this court's subject matter jurisdiction, the court will dismiss this action without prejudice. Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999). No hearing will be held on the Order to Show Cause unless ordered by the court.

The Case Management Conference scheduled for December 7, 2012, is VACATED.

**IT IS SO ORDERED.**

Dated: November 21, 2012

_____
EDWARD J. DAVILA
United States District Judge